# United States District Court
# Southern District of Ohio
# Eastern Division

TRACI CLEMENS, ADMINISTRATOR,
Estate of Suni Music
Plaintiff
v.                                   2: 18-cv-639
                                     JUDGE SMITH
                                     MAGISTRATE JUDGE VASCURA

DALLAS MUSIC, ADMINISTRATOR
Estate of James Music
Defendant

## Complaint

1.  **JURISDICTION**: This action arises under the Employment Retirement Income Security Act ("ERISA"), **29 U.S.C.A. §§ 1001 et seq.** The claims are based on alleged acts and omissions under an ERISA PLAN for employees of KOKOSING CONSTRUCTION COMPANY, INC. for a group life insurance claim and accidental death claim through HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, submitted for the accidental death of KOKOSING employee James Music, by the estate of his designated beneficiary under the plan, his wife Suni Music. This Court has jurisdiction over the Plaintiff's claims pursuant to **28 U.S.C.A. § 1331, 29 U.S.C.A. §§ 1003, 1132**.

2.  James Music, an employee of KOKOSING CONSTRUCTION COMPANY, INC. and Suni Music, his wife, and Mylee Music, their daughter, residents of Franklin County, Ohio, were on interstate 270, in Franklin County, Ohio, on December 24, 2016.  He was in a personal vehicle, and not within any

1

scope of employment for KOKOSING CONSTRUCTION COMPANY, INC. An intoxicated driver came across the median strip causing a violent collision between the vehicles. Time of crash was 15:40.

3. James Music was pronounced dead at the hospital on December 24, 2016 at 16:21.

4. Suni Music was pronounced dead at the hospital December 24, 2016 at 17:05. The autopsy shows catheters, chest tubes, EKG pads; all showing treatment received at the hospital.

5. Mylee Music lived for approximately 12 hours and was pronounced dead at the hospital December 25, 2016 at 03:02, after efforts to save her.

6. James Music, other than his wife and daughter, had two surviving parents, Joyce Music and Ernest (Bud) Music, and a brother Dallas Music. He had no will; his net estate will be payable to Joyce Music and Ernest (Bud) Music in equal shares. An estate was opened in Franklin County Probate Court Case number 582640. All heirs waived the first right to Administer and consented to Traci Clemens as the first Administrator of the estate; Dallas Music has been appointed successor Administrator, who is the Defendant in these proceedings

7. Suni Music, other than her daughter, had two surviving parents, Cynthia Noble and James Olson, a brother Chris Olson, and a sister Traci Clemens. She had no will; her net estate will be payable to Cynthia Noble and James Olson

in equal shares. (James Olson is now deceased; his widow Ellen Olson will receive his share). An estate was opened in Franklin County Probate Court Case number 582638. All heirs waived the first right to Administer and consented to Traci Clemens as Administrator of her estate, who is the Plaintiff in these proceedings.

8. At the time of their deaths, KOKOSING CONSTRUCTION COMPANY, INC. had an ERISA plan, with benefits available to James Music as an employee. This plan's benefits were payable by a policy with Hartford Life and Accident Insurance Company (hereafter Hartford). The plan sent through Hartford Life Insurance two plan benefits, for the same policy number, with the same plan language, only different page numbers. This plan is controlled by ERISA as an employee benefit plan for KOKOSING CONSTRUCTION COMPANY, INC. employees, and is subject to this federal law. (Hartford contract, Page 48, policy 1; page 38, policy 2).

9. The policy insured the life of James Music, and had a death beneficiary to his wife, Suni Music first beneficiary; and his daughter, Mylee Music alternate beneficiary. The Estate of Suni Music filed a claim, as beneficiary of the policy for the life of James Music. The Estate of James Music did not file a competing claim as beneficiary of the policy for the life of James Music. Hartford received verifying documents and paid $251,229.00 as benefits to the Suni Music

estate pursuant to the KOKOSING CONSTRUCTION COMPANY, INC. ERISA plan.

10. Hartford under its contract, and as required by the ERISA plan, determined that that wife "survived" the decedent. Under its interpretation of the plan and its policy, 100% of the proceeds of the plan benefit for the life of James Music were payable to the decedent wife's estate. (Hartford contract, Page 22, policy 1; page 31, policy 2).

11. The contract states Hartford has full discretion and authority to determine eligibility, and construe and interpret all terms and provisions of the policy. (Hartford contract, Page 23, policy 1; page 32, policy 2).

12. Joyce Music and Ernest (Bud) Music filed "Exceptions to Partial Account" in the Suni Music estate on March 21, 2018, claiming funds paid by Hartford to the Suni Music Estate must be "**returned to the estate of James Music**" and "**included in the Estate of James Music**".

13. **The Exceptions to Partial Account were not filed by the Defendant Administrator for the Estate of James Music**.

14. The Exceptions to Partial Account alleged the Estate of James Music was the proper beneficiary of the ERISA plan for the life of James Music, objecting to the death benefit of $251,229.00 paid to the Estate of Suni Music, arguing **ORC 2105.32** applied to this ERISA plan.

15. Plaintiff Estate of Suni Noble states it has been finally determined, and paid, as the beneficiary of the KOKOSING CONSTRUCTION COMPANY, INC. ERISA plan, and any claims by the Defendant Estate of James Music, are controlled by ERISA.

16. Defendant Estate of James Music is the real party in interest allegedly owed damages, not Joyce Music and Ernest (Bud) Music.

17. Plaintiff states it is the proper ERISA plan beneficiary of the proceeds of the stated Life Insurance, and that the Hartford correctly determined Suni Music survived James Music and qualified as the plan beneficiary; additionally, stating plaintiff and defendant are bound by the final determination by Hartford.

**WHEREFORE:** plaintiff requests the Court declare the rights and responsibilities of the parties under the ERISA plan, declaring plaintiff the rightful beneficiary of the proceeds under the ERISA plan, finding **ORC 2105.32** does not apply to the ERISA plan, assessing attorney fees and costs against defendant.

                                     **/s/Charles Bendig (00199340**
                                     Charles H. Bendig, Esq. (#0019934)
                                     Attorney for Plaintiff