# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TRACI M. CLEMENS,
Administrator, Estate of Suni Music,

      Plaintiff,

  v.

DALLAS MUSIC, Administrator,
Estate of James Music,

      Defendant.

Case No.: 2:18–cv–639
JUDGE GEORGE C. SMITH
Magistrate Judge Vascura

## OPINION AND ORDER

This matter is before the Court upon Defendant Dallas Music, Administrator of the Estate of James Music's Motion to Dismiss (Doc. 7). Also pending are Plaintiff's Motion for Summary Judgment (Doc. 8) and Motion to Consolidate Cases (Doc. 9), as well as Defendant's Motion to Stay (Doc. 17). These motions are fully briefed and ripe for review. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** and all other pending motions are **DENIED AS MOOT**.

## I. BACKGROUND

On December 24, 2016, husband and wife James Music and Suni Music, as well as their daughter, Mylee Music, were traveling in a vehicle on Interstate 270 in Franklin County, Ohio, when they were struck by an intoxicated driver. Tragically, all three family members died as a result of the collision. Mr. Music was pronounced dead at 4:21 PM; Mrs. Music was pronounced dead at 5:05 PM; and Mylee Music was pronounced dead at 3:02 AM on December 25, 2016.

Mr. Music was survived by his parents, Joyce Music and Ernest (Bud) Music, and his brother Dallas Music. Suni Music was survived by her parents, Cynthia Noble and James Olson, her brother Chris Olson, and her sister Traci Clemens. Mylee was survived by her grandparents. Following the Musics' deaths, three separate estates were opened in the Franklin County Probate Court.

At the time of his death, James Music was insured by a life insurance plan sponsored by his employer, Kokosing Construction Company, Inc., and administered by Hartford Life and Accident Insurance Company ("Hartford"). The insurance plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. The insurance plan provided that, upon James Music's death, benefits would be distributed to the listed beneficiary. The listed beneficiary on James Music's plan was Suni Music. Following James Music's death, Hartford determined that he was survived by Suni Music, and thus paid the entirety of the death benefits, totaling $251,229.00, to the Estate of Suni Music.

In accordance with Ohio Revised Code § 2109.30, the fiduciary of the Estate of Suni Music filed a Partial Account on February 13, 2018, identifying the proceeds of James Music's life insurance plan remaining in the fiduciary's hands. On March 21, 2018, Joyce and Ernest Music filed Exceptions to Partial Account ("Exceptions") as interested parties. In the Exceptions, Joyce and Ernest Music contend that Ohio Revised Code § 2105.32 governs the payment of death benefits to surviving beneficiaries, who must survive the decedent by more than 120 hours. Because Suni Music did not survive James Music by more than 120 hours, Joyce and Ernest Music argue that Hartford improperly paid benefits to the Estate of Suni Music, and that the funds should be included in the Estate of James Music. Suni Music's mother, Cynthia Noble removed that probate action to this Court on May 17, 2018. (*See* Case No. 2:18-cv-492).

Joyce and Ernest Music moved to remand that matter to the Franklin County Probate Court. The Magistrate Judge recommended that the matter be remanded and this Court adopted that recommendation, remanding that matter. (*See* Docs. 25 and 30).

Plaintiff in this case initiated this lawsuit on June 29, 2018, well after the probate court action was proceeding and the funds from the life insurance plan had been paid out. Plaintiff brings a claim for declaratory judgment to "declare plaintiff the rightful beneficiary of the proceeds under the ERISA plan, finding ORC 2105.32 does not apply to the ERISA plan." (Doc. 1, Compl. at 5).

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual

predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Defendant also moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiffs every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendant Dallas Music, in his capacity as Administrator of the Estate of James Music, has moved to dismiss Plaintiff's claim for lack of subject matter jurisdiction and for failure to state a claim under 29 U.S.C. §1132, upon which relief can be granted. Plaintiff Traci Clemens, in her capacity as Administrator of the Estate of Suni Music, responds that this case is properly before

4

the Court because it involves the determination of ERISA benefits. The Court will address the arguments of the parties in turn.

**A.      Subject Matter Jurisdiction**

Defendant first argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim because the probate exception to federal question jurisdiction applies. The life insurance proceeds at issue in this case have already been paid to the Estate of Suni Music. Defendant argues that the funds are in the custody and control of the probate court and the fact that the funds arise from an ERISA plan is not enough to establish federal question jurisdiction. This Court agrees.

The probate exception to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes the federal court from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 307 (2006). The probate exception does not bar federal courts from adjudicating matters outside the aforementioned purposes and otherwise within federal jurisdiction. *Id*. Some courts have held that when the probate exception applies, the court lacks jurisdiction to consider ERISA pre-emption. *See In re Boisseau*, No. 5:16-cv-0549, 2017 U.S. Dist. LEXIS 11964, *4-8 (N.D. N.Y. Jan. 30, 2017); *Carpenters' Pension Tr. Fund-Detroit & Vicinity v. Century Truss Co*., No. 14-cv-11535, 2015 U.S. Dist. LEXIS 39106 at *6 (E.D. Mich. Mar. 27, 2015); *In re Estate of Lewis*, 128 F. Supp. 2d 573, 574 (N.D. Ill. 2001). On the other hand, the Supreme Court has held:

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Marshall*, 547 U.S. at 310. Therefore, the Court must determine whether the final judgment sought in this case will interfere with the probate court's possession of the life insurance proceeds.

Plaintiff in this case brings a claim for declaratory judgment to "declare plaintiff the rightful beneficiary of the proceeds under the ERISA plan, finding ORC 2105.32 does not apply to the ERISA plan." (Doc. 1). Notably, this case is brought against the administrator of the Estate of James Music and not against Mr. Music's employer Kokosing Construction, nor their insurance company, Hartford Life and Accident Insurance Company. Hartford has already distributed the life insurance proceeds and no longer has any interest in this matter.

This case involves determination of the rightful beneficiary of the insurance proceeds, however, those proceeds have already been paid to the Estate of Suni Music based on the claim filed with Hartford. The controversy here is between the beneficiaries of the Estates of James Music and Suni Music. The probate court has already begun this process and exceptions to the estate account have been filed. Any order by this Court would interfere with the custody of those insurance proceeds and potentially conflict with a ruling by the probate court in the related action. Therefore, the probate exception is applicable to the facts of this case. The Franklin County Probate Court should be the ultimate decisionmaker regarding the distribution of the life insurance proceeds.

**B.    Failure to State a Claim**

Next, Defendant argues that the funds from the ERISA governed life insurance policy have already been distributed and therefore there is no available relief under the ERISA statute.

Plaintiff's Complaint seeks relief under 29 U.S.C. §§ 1003, 1132. 29 U.S.C. § 1132(a) states in pertinent part:

>    (a) Persons empowered to bring a civil action. A civil action may be brought--
>        (1) by a participant or beneficiary--

> (A) for the relief provided for in subsection (c) of this section, or
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

Defendant concedes that the proceeds Plaintiff claims are at issue were distributed from a plan governed by ERISA. However, Defendant argues, and the Court agrees, that the relief sought is not available under the ERISA statute because the funds are no longer in the custody of the plan administrator. Because the claim for life insurance benefits has already been paid to the Estate of Suni Music, there is no relief available to "recover benefits due to him under the terms of his plan," "enforce his rights under the terms of the plan," or "to clarify his rights to future benefits under the terms of the plan." Further, Defendant in this case, the Estate of James Music, has never filed a claim for the life insurance proceeds and there is no present or future right to the life insurance proceeds to enforce or clarify. Accordingly, Plaintiff has failed to state a claim under ERISA upon which relief can be granted.

## IV.     CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is hereby **GRANTED** (Doc. 7) and all other pending motions are **DENIED AS MOOT**.

The Clerk shall **REMOVE** Documents 7, 8, 9, and 17 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendant and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　  _/s/ George C. Smith_  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**